**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Twila M. Gantzer, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Surrey Public School District #41 | ) | |
| and Surrey Public School Board, | ) | Case No.: 1:26-cv-00078 |
| | ) | |
| Defendants. | ) | |

Plaintiff Twila M. Gantzer ("Plaintiff") has been granted leave to proceed *in forma pauperis* in the above-captioned matter. (Doc. No. 3). This matter is presently before the court for initial review pursuant to 28 U.S.C. § 1915(e)(2).

## I.    BACKGROUND

The following facts are taken from Plaintiff's Complaint. They are presumed true for purposes of this order.

Plaintiff initiated the above-captioned action *pro se* and *in forma pauperis* by Complaint in March 2026. (Doc. Nos. 3, 4). Plaintiff is suing Defendants Surrey Public School District #41 and Surrey Public School Board (collectively "Defendants") for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). (Doc. No. 4).

Plaintiff alleges that she was employed by Defendants and performed satisfactory job duties. (Doc. No. 4 at 2). Upon engaging in protected activity, including reporting workplace concerns and requesting accommodation related to her medical and mental health needs, she was subjected to retaliatory actions, adverse treatment, and a hostile work environment. (*Id.*).

Defendants did not take corrective action but instead engaged in conduct that negatively affected Plaintiff's employment and well-being, resulting in significant emotional distress, including anxiety, sleep disruption, and other stress-related symptoms. (*Id.*). As a direct result of the unlawful conduct, Plaintiff suffered emotional distress and mental anguish, loss of income and employment benefits, and other compensatory damages as allowed by law. (*Id.*).

Plaintiff contends this court has jurisdiction pursuant to 28 U.S.C. § 1331, and venue in this district is proper because the events giving rise to this action occurred in North Dakota and Defendants are located in this district. (*Id.* at 1). Plaintiff seeks three claims for relief: (1) retaliation under Title VII and ADA; (2) failure to accommodate and disability discrimination under the ADA; and (3) hostile work environment. (*Id.* at 2). She requests the court enter judgment in her favor, award compensatory damages, including emotional distress damages, award back pay and other equitable relief as appropriate, and award costs and any other relief the court deems just and proper. (*Id.*).

## II.    STANDARD GOVERNING § 1915(e)(2) REVIEW

Under 28 U.S.C. § 1915(e)(2), notwithstanding any filing fee, "the court shall dismiss the case at any time if the court determines that … the action … (i) was frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Federal Rules of Civil Procedure 8(a)(2) requires a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." This requires that the complaint include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Robinson v. Bridgeport Pub. Sch.*, No. 8:16CV177, 2016 WL 3920167, at *3 (D. Neb. July 15, 2016) (requiring plaintiffs to set forth enough factual allegations

for their claims to cross the line from conceivable to plausible). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 56 U.S. 662, 678 (2009). When applying this standard, the court must accept the plaintiff's factual allegations as true. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). However, the court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). *Pro se* complaints must be liberally construed. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court "will not supply additional facts, nor … construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

## III.    DISCUSSION

### A.  Exhaustion of Administrative Remedies

Under Title VII and the ADA, a plaintiff must exhaust all administrative remedies prior to filing a suit in federal court. In order to exhaust one's administrative remedies, a plaintiff is required to: (1) timely file a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), setting forth the facts and nature of the charge, and (2) receive notice of the right to sue from the EEOC. 42 U.S.C. §§ 2000e-5(b), (c), (e). After receiving notice of the right to sue, a plaintiff has ninety days to file suit. 42 U.S.C. § 200e-5(f)(1).

Plaintiff asserts in her Complaint that she timely filed a charge of discrimination with the EEOC, received a Notice of Right to Sue on or about January 23, 2026, and filed this action within ninety (90) days of the receipt of the Notice. (Doc. No. 4 at 1).

However, while Plaintiff did attach her Notice of Right to Sue from the EEOC to her Complaint, she did not include the Charge of Discrimination. Without this document, the court is unable to ascertain whether Plaintiff fully exhausted her administrative remedies, who she filed charges against, and what claims the EEOC addressed.

### B. Title VII

Title VII prohibits discrimination by an employer "on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018). "Title VII [also] prohibits employers from retaliating against an employee who is engaged in a protected activity, which can be either opposing an act of discrimination made unlawful by Title VII … or participating in an investigation under Title VII." *Hunt v. Nebraska Pub. Power Dist.*, 282 F.3d 1021, 1028 (8th Cir. 2002).

### 1. Retaliation under Title VII

"Title VII's anti-retaliation provision prevents employers from retaliating against employees who have acted to vindicate their statutorily protected rights by reporting harassment or discrimination in the workplace." *Brannum v. Missouri Dep't of Corr.*, 518 F.3d 542, 547 (8th Cir. 2008). "Thus, an employer may not take adverse action against an employee because the employee has opposed any practice made an unlawful employment practice by [Title VII], or made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." *Id.* (internal quotation marks omitted).

Even if Plaintiff can establish she has exhausted her administrative remedies, with respect to this claim, the court is not convinced she has stated a cognizable claim for retaliation under Title VII for purposes of initial review. Plaintiff's retaliation claim generally states that "Defendant retaliated against Plaintiff for engaging in protected activity in violation of federal law." (Doc. No.

4 at 2). While Plaintiff alleges she engaged in protected activity, including reporting workplace concerns and requesting accommodation pertaining to her medical and mental health needs, she makes vague and conclusory statements as to how Defendants retaliated. It is not enough for Plaintiff to state that Defendants retaliated against her for engaging in protected activity and subjected her to retaliatory action, adverse treatment, and hostile work environment. Rather, Plaintiff must state with specificity what workplace concerns were reported and when, what accommodations were requested and when, how the concerns and accommodations were dealt with, and what the alleged retaliation consisted of.

## C.  ADA

Plaintiff also asserts claims under the ADA. Though Plaintiff does not specify which Title of the ADA she is filing suit under, the court construes her claims to be under Title I, which pertains to employment. *See* 42 U.S.C. § 12111 *et seq*. An individual is considered disabled under the ADA if they demonstrate they have a physical or mental impairment which substantially limits one or more major life activities, have a record of such impairment, or are regarded as having such an impairment. 42 U.S.C. § 12102(1)(A)-(C). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. 42 U.S.C. § 12102(2)(A). A major life activity may also include operations of major bodily functions, "including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." 42 U.S.C. § 12102(2)(B).

### 1. Failure to Accommodate and Disability Discrimination

The ADA provides the following: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To establish a prima facie case of disability discrimination, a plaintiff must show: (1) they were disabled; (2) were qualified to perform essential functions of the job, with or without reasonable accommodation; and (3) suffered adverse employment action as a result of the disability. *Nordby v. Sherburne Cnty.*, No. CV 19-2776 (DWF/HB), 2021 WL 1600584, at *7 (D. Minn. Apr. 23, 2021). When there is a failure to reasonably accommodate claim, the burden-shifting analysis is "modified." *Id.* To establish a claim for failure to provide reasonable accommodation, a plaintiff must first show reasonable accommodation is possible, and if the showing is made, the burden shifts to the employer to show it was unable to accommodate a plaintiff. *Id.*

Plaintiff has not stated a cognizable claim for either failure to accommodate or disability discrimination under the ADA. Under Count II of Plaintiff's Complaint, she alleges, "Defendant failed to reasonably accommodate Plaintiff's known limitations and subjected Plaintiff to adverse treatment as a result." (Doc. No. 4 at 2). Plaintiff fails to provide any facts beyond her conclusory statement. To start, Plaintiff does not describe her disability or allege she suffers from a disability of record. Beyond asserting her claims under the ADA, she makes no reference to being disabled, rather, she notes ambiguous statements about her medical and mental health needs and "known limitations." Vague references to alleged disability are not sufficient to constitute a plausible claim for relief in an ADA claim. *See e.g., Watson v. Kelloggs Co.*, No. 8:20CV126, 2020 WL 2732131, at *5 (D. Neb. May 26, 2020) ("Plaintiff's complaint contains no facts describing the nature of his

6

disability or his alleged record of disability. Without this basic information, no plausible claim for relief is stated."); *Carlentine v. Suggan*, No. 8:19CV251, 2020 WL 1820129, at *3 & n.2 (D. Neb. April 10, 2020) (finding on initial review plaintiff failed to state a claim upon which relief may be granted as he failed to allege facts describing "the nature of his disability [and] whether his disability limited his major life activities and, if so, how….").

Second, Plaintiff has not shown that she was a qualified individual or that she could do the job with or without accommodation. A qualified individual is an employee who (1) possesses the requisite skill, education, experience, and training for the position, and (2) is able to perform essential job functions, whether with or without reasonable accommodation. *Watson*, 2020 WL 2732131, at *5. Plaintiff merely states in her Complaint that she was employed by Defendants and performed her job satisfactorily. She does not allege what position she held, how long she held the position, whether and what skills, education, experience, and training she had for the said position, or that she could perform the essential functions of the job.

Lasty, Plaintiff does not show she suffered an adverse employment action. "An adverse employment action is one that causes a material change in the terms or conditions of employment." *Ramos v. Advance Servs., Inc.*, No. 8:23CV280, 2025 WL 1531682, at *3 (D. Neb. May 29, 2025) (quoting *Fenney v. Dakota, Minnesota & E.R. Co.*, 327 F.3d 707, 716 (8th Cir. 2003)) (internal quotation marks omitted). Plaintiff fails to meet this standard. While Plaintiff alleged that Defendants engaged in conduct that negatively affected her employment and well-being, resulting in emotional distress, mental anguish, and loss of income and employment benefits, she does not state how her employment was negatively affected. There is no indication from Plaintiff's Complaint of what the adverse actions were, i.e. whether she was terminated, placed on leave, reassigned, or subject to some other employment action.

As to Plaintiff's claim that Defendants failed to accommodate her disability, "[t]o state a failure-to-accommodate claim, a plaintiff first 'must establish both a prima facie case of discrimination based on disability and a failure to accommodate it.'" *Id.* (quoting *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 905 (8th Cir. 2015)). To establish failure to accommodate, a plaintiff must make a facial showing that reasonable accommodation was possible. *Nordby*, 2021 WL 1600584, at *11. If a plaintiff makes a facial showing that reasonable accommodation was possible, the burden shifts to the employer to show it was unable to accommodate the plaintiff. *Id.* There is no discrimination if the requested accommodation is unreasonable. *Id.*; *see also Pebbles v. Potter*, 354 F.3d 761, 767 n. 6 (8th Cir. 2004).

As noted above, Plaintiff has not established a prima facie case of discrimination based on disability. Even if Plaintiff were to have established a case of discrimination, she has not shown a failure to accommodate. Plaintiff has not shown what reasonable accommodation she requested, or whether Defendants made any accommodation or failed to provide them. Plaintiff also has not shown whether the accommodation she requested was reasonable or possible.

### 2. Retaliation under the ADA

Retaliation is prohibited under the ADA. It provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 11203(a). In order to state a retaliation claim, the plaintiff must show (1) they engaged in a protected activity; (2) suffered an adverse employment action; and (3) that there was a causal connection between the two. *Oehmke v. Medtronic, Inc.*, 844 F.3d 748, 758 (8th Cir. 2016). Under the ADA, retaliation

8

claims require but-for causal connection between the employee's assertion of their rights, and the adverse action taken by the employer. *Id.*

Plaintiff cannot show Defendants engaged in retaliation under the ADA. Plaintiff does not state what adverse employment action was taken, nor that there was a but-for causal connection between the alleged adverse action and alleged protected activity.

### D. Hostile Work Environment

Finally, Plaintiff alleges a claim for hostile work environment. She asserts, "Defendant's conduct created an abusive and hostile work environment that interfered with Plaintiff's ability to work." (Doc. No. 4 at 2). Beyond this statement, Plaintiff does not provide any indication of how Defendants created an abusive and hostile work environment. More importantly, Plaintiff's Complaint does not make it clear whether she is asserting a hostile work environment claim pursuant to the ADA, Title VII, or some other provision of the law. While the court is required to liberally construe pro se complaints, it is not required to supply facts or construct a legal theory for a plaintiff. *See Stone v. Harry*, 364 F.3 912, 914 (8th Cir. 2004); *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). Accordingly, the court finds Plaintiff has not stated a cognizable hostile work environment claim.

## IV.    CONCLUSION

The court finds that Plaintiff has failed to assert any cognizable claims or shown that she has exhausted her administrative remedies. Plaintiff shall have until April 20, 2026, to file an Amended Complaint addressing the pleading deficiencies as described above. Plaintiff should take note that the Amended Complaint will become the operative pleading when filed and should therefore contain all claims along with factual bases for them. Any claim not restated shall be deemed abandoned, and nothing outside the Amended Complaint will be considered.

Plaintiff should attach a copy of the Charge of Discrimination filed with the EEOC and the Notice of Right to Sue to her Amended Complaint. Any Amended Complaint filed shall be subject to screening pursuant to 28 U.S.C. § 1915(e)(2). Failure to file an Amended Complaint may result in the summary dismissal of this matter.

**IT IS SO ORDERED.**

Dated this 30th day of March, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court